UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: _______________

PETER KILCOMMONS,

Plaintiff,

v.

ARGANO, LLC and ITK SOLUTIONS GROUP, LLC,

Defendants.
_________________________________________|

**COMPLAINT**

COMES NOW, Plaintiff, PETER KILCOMMONS (“KILCOMMONS”), and files his Complaint against Defendants, ARGANO, LLC ("ARGANO") and ITK SOLUTIONS GROUP, LLC (“ITK SOLUTIONS”), for violation of the Age Discrimination in Employment Act, 29 USC § 621, *et seq.* ("ADEA") and the Florida Civil Rights Act of 1992 (“FCRA”), Fla. Stat. § 760.01, et seq., and alleges as follows:

**JURISDICTION & VENUE**

1. This is an action brought to remedy unlawful employment practices pursuant to the ADEA, Title VII, and FCRA. This Court has federal question and supplemental jurisdiction pursuant to 28 USC §§1331 and 1365.

2. KILCOMMONS is *sui juris* and is a resident of this Court’s jurisdiction and is a resident of Broward County, Florida.


CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

3. KILCOMMONS worked for ARGANO and ITK SOLUTIONS in Broward County, Florida.

4. ARGANO is a for-profit company authorized to do business in the State of Florida and employed KILCOMMONS in this jurisdiction.

5. ITK SOLUTIONS is a for-profit company authorized to do business in the State of Florida.

**FACTUAL ALLEGATIONS**

6. KILCOMMONS is an experienced sales executive and has worked in the industry for approximately 25years.

7. At all relevant times, KILCOMMONS was 67 years old.

8. Upon information and belief, ARGANO and ITK SOLUTIONS have: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control, so as to qualify as a single employer or integrated interprise due to their highly integrated ownership and operations.

9. The close integration of the companies is also evidenced by their marketing materials wherein ITK Solutions is identified as part of the "Argano Group".

10. ARGANO holds itself out to be "Argano is a next-generation business and technology services provider that builds the Digital Foundations that make businesses run better. Argano is purpose-built for the Digital Renaissance, leveraging insight and

innovation to help leaders design and implement the complex solutions necessary to not just survive but thrive and improve financial and operational performance. Argano believes a firm's core operating technologies should be enablers of commercial innovation, not a constant source of limitation, and is committed to helping clients think differently about how they deploy and manage people, processes, and technology. For more information visit www.argano.com."

11. ITK SOLUTIONS holds itself out to be: "ITK Solutions Group is comprised of business process, industry, and technology consulting experts. We help retail/e-commerce, nonprofit/NGO and professional services organizations accelerate their digital transformation and optimize business processes. Founded in 2009, ITK brings together powerful technological solutions with an executive level understanding of industry issues. The ITK team includes industry veterans with more than 50 years of experience who have successfully delivered some of the largest and most complex software implementations, including intricate business entity structures, multisite implementations and global rollouts. ITK delivers world class ERP, POS, CRM, PSA projects, along with upgrades, support plans and testing. The company builds its solutions on the Microsoft Dynamics 365 and the Unit4 platforms. "

12. On or about October 12, 2022, ARGANO announced its addition of ITK SOLUTIONS to "expand its Microsoft Capabilities and Industry Offerings" and publicized: "Argano, the leading strategic partner for modernizing your business,

announced today that ITKSolutions Group, LLC (ITK) has joined the company. With the addition of ITK, Argano further expandsits Microsoft capabilities and industry-focused solutions and services." *See* https.//itksolutionsgroup.com/argano-annoncement.

13. On April 28, 2023, ARGANO offered KILCOMMONS to join as a Strategic Account Manager, reporting to Chris Fibbe (Co-President, ITK).

14. ARGANO agreed to pay KILCOMMONS $185,000.00 as his annual salary and participate in the company's uncapped Sales Incentive plan, which was targeted to be 100% of his annual base salary.

15. Additionally, Mr. Fibbe promised KILCOMMONS a signing incentive in the form of equity (LTIP shares) by April 2024, but it was never fulfilled.

16. In or around November 2023, KILCOMMONS' job title went from Strategic Account Manager to Client Executive Director due to the new job titles ARGANO used after the merger and/or acquisition of ITK SOLUTIONS was near completion.

17. KILCOMMONS reported to Mr. Fibbe until August 2023 and then to Drew Vabulas (Vice President Sales) starting in September 2023.

18. During his time at ARGANO, KILCOMMONS worked with and received positive feedback from Mr. Fibbe and Mr. Vabulas, and Jon Rastia (Director).

19. Specifically, Mr. Fibbe complimented KILCOMMONS success in his efforts to bring on FedEx Mexico account to bring the longstanding (6-8 months) outstanding receivables current, which is something Mr. Fibbe said he himself would not be able to

accomplish.

20. Further, Mr. Rastia told KILCOMMONS that he was pleasantly surprised with how KILCOMMONS engaged in deals and did the critical sales work as most other similarly situated employees at the company did not.

21. KILCOMMONS was also praised with organizing and running sales cycle and RFP processes by two leading delivery managers.

22. In addition, Mr. Vabulus told KILCOMMONS that he was getting very positive feedback from Phil Skiffington (Sr. Demand Planner) and Mehmood Cader (Sr. Director, Strategic Engagements) regarding how well KILCOMMONS worked with and collaborated with team members.

23. ARGANO never criticized KILCOMMONS' sales performance nor told him that he was underperforming. To the contrary, KILCOMMONS received much praise for his work, as described herein.

24. On March 15, 2024, KILCOMMONS was shocked and dismayed to be told his position was being eliminated and he was being released, while other substantially younger employees in similarly situated positions were retained, such as:

a. Alexander Bartnesky: Client Executive Director, ***mid to upper 40's*** – hired two to three weeks prior to KILCOMMONS' termination, believed to still be employed by ARGANO

b. Ryan Alexander: Client Executive, ***mid to upper 30's*** – hired 2 weeks

after KILCOMMONS' termination

c. Ben Chumra: promoted from Client Executive to Client Executive Director, ***30's*** – promoted two to three weeks after KILCOMMONS' termination

25. All three of these roles perform the ***same or substantially same job duties***, *i.e.*, services sales, and they all report to the same person: Drew Vabulous (Vice President). Mr. Bartnesky is focused on Manufacturing. Mr. Chumra is focused on Retail vertical. It is unclear what Mr. Alexander focuses on. All three of these employees can work any vertical based on their relationship with the customer, similarly to KILCOMMONS.

26. In addition to KILCOMMONS, seven other older workers were similarly terminated. Five of the seven released individuals are over the age of 60, and at least one of them held another CED position.

27. At the time of KILCOMMONS' termination, he had pending deals in his pipeline, including a FedEx Mexico deal valued at $1-2 million, which closed within 3-8 weeks after his termination.

28. Shortly after KILCOMMONS' hire, his pending Tempur Sealy deal was redirected to Ben Chumra, a substantially younger employee. Mr. Chumra claimed he asked the ARGANO President, Charlotte McCormik, for the deal and rather than create a sales dispute with Mr. Chumra. As a result, KILCOMMONS had no choice but to to allow Mr. Chumra to take the deal, even though KILCOMMONS was hired to lead

Enterprise account deals. Mr. Fibbe commented to KILCOMMONS how impressed he was with his integrity based on this action. Notably, had KILCOMMONS been rightfully credited for this deal, he would have been a clear top performer at ARGANO.

29. ARGANO AND ITK SOLUTIONS took adverse actions against KILCOMMONS.

30. KILCOMMONS's protected characteristic (ag) was a motivating factor for his selection for termination.

**<u>CONDITIONS PRECEDENT</u>**

31. All conditions precedent have been satisfied or waived, including timely filing of a Charge of Discrimination.

32. On or about July 8, 2024, KILCOMMONS dual filed his Charge of Discrimination with the EEOC and FCHR, alleging age discrimination.

33. On or about January 14, 2025, the EEOC issued a "Dismissal and Notice of Rights," terminating its processing of KILCOMMONS' Charge and issued a Right to Sue.

**<u>MOTIVATING FACTOR</u>**

34. The adverse actions taken by Defendants against KILCOMMONS were due to or motivated by the protected categories of his age (67 years at the relevant time).

**<u>ATTORNEYS' FEES</u>**

35. KILCOMMONS has retained the undersigned law firm and has agreed to pay reasonable attorneys' fees.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF ADEA (DISPARATE IMPACT) AGAINST ARGANO

36. KILCOMMONS repeats and incorporates paragraphs 1 through 35, as though fully stated herein.

37. ARGANO implemented a facially neutral practice of selecting employees for termination based on revenue-to-compensation ratios as part of their reduction in force.

38. This facially neutral practice had a disparate impact on employees over the age of 40, as evidenced by:

a. All six positions eliminated were held by employees over age 40;

b. Five out of seven released employees were over age 60; and

c. The statistical disparity between the impact on employees over 40 versus younger employees is significant and demonstrates the discriminatory impact of ARGANO's selection criteria.

39. Alternative practices with less discriminatory impact were available to ARGANO to achieve their stated business objectives.

40. ARGANO's practice of using revenue-to-compensation ratios as selection criteria for termination was not based on reasonable factors other than age.

41. As a direct and proximate result of the above-described actions of ARGANO, KILCOMMONS has suffered, is now suffering, and will continue to suffer,

emotional pain and mental anguish.

42. Furthermore, as a direct and proximate result of such actions by Defendants, KILCOMMONS has been, is being, and will be in the future, deprived of income in the form of wages and benefits.

43. Defendants' discrimination motivated by KILCOMMONS's age was willful and in an intentional violation of his rights under the ADEA.

WHEREFORE, as to Count I, Plaintiff, KILCOMMONS, respectfully requests that this Court grant judgment in his favor and against ARGANO, jointly or severally with ITK, and award damages including but not limited to backpay, frontpay, compensatory damages, attorneys' fees pursuant to 29 USC §626(b), liquidated damages, costs, interest, and such other further relief that this Court deems just, equitable, and reasonable.

**COUNT II**
**AGE DISCRIMINATION IN VIOLATION OF FCRA (DISPARATE IMPACT) AGAINST ARGANO**

44. KILCOMMONS repeats and realleges allegations made in paragraph 1 through 35 of this Complaint.

45. ARGANO implemented a facially neutral practice of selecting employees for termination based on revenue-to-compensation ratios as part of their reduction in force.

46. This facially neutral practice had a disparate impact on employees over the age of 40, as evidenced by:

a. All six positions eliminated were held by employees over age 40;

b. Five out of seven released employees were over age 60; and

c. The statistical disparity between the impact on employees over 40 versus younger employees is significant and demonstrates the discriminatory impact of ARGANO's selection criteria.

47. Alternative practices with less discriminatory impact were available to ARGANO to achieve their stated business objectives.

48. ARGANO's practice of using revenue-to-compensation ratios as selection criteria for termination was not based on reasonable factors other than age.

49. As a direct and proximate result of the above-described actions of ARGANO, KILCOMMONS has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

50. Furthermore, as a direct and proximate result of such actions by ARGANO, KILCOMMONS has been, is being, and will be in the future, deprived of income in the form of wages and benefits.

WHEREFORE, as to Count II, Plaintiff, KILCOMMONS, respectfully requests that this Court grant judgment in his favor and against ARGANO, jointly or severally with ITK, and award damages including but not limited to backpay, frontpay, compensatory damages, punitive damages, attorneys' fees under Fla. Stat. § 760.11, interest, and such other further relief that this Court deems just, equitable, and reasonable.

**COUNT III – AGE DISCRIMINATION IN VIOLATION OF ADEA (DISPARATE TREATMENT) AGAINST ARGANO**

51. KILCOMMONS repeats and realleges allegations made in paragraph 1 through 35 of this Complaint.

52. ARGANO replaced Plaintiff with substantially younger employees and/or treated substantially younger employees more favorably, including:

a. Hiring Alexander Bartnesky (mid-40s) as Client Executive Director 2-3 weeks before Plaintiff's termination;

b. Hiring Ryan Alexander (mid-30s) as Client Executive 2 weeks after Plaintiff's termination;

c. Promoting Ben Chumra (age 32) to Client Executive Director 2-3 weeks after Plaintiff's termination; and

d. Redirecting Plaintiff's pending Tempur Sealy deal to Ben Chumra.

53. ARGANO'S stated reason for Plaintiff's termination - a reduction in force - was pretextual, as evidenced by their hiring and promotion of substantially younger employees in similar positions immediately before and after Plaintiff's termination.

54. As a direct and proximate result of the above-described actions of ARGANO, KILCOMMONS has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

55. Furthermore, as a direct and proximate result of such actions by ARGANO, KILCOMMONS has been, is being, and will be in the future, deprived of income in the

form of wages and benefits.

56. ARGANO's discrimination motivated by KILCOMMONS's age was willful and in an intentional violation of his rights under the ADEA.

WHEREFORE, as to Count III, Plaintiff, KILCOMMONS, respectfully requests that this Court grant judgment in his favor and against ARGANO, jointly or severally with ITK, and award damages including but not limited to backpay, frontpay, compensatory damages, liquidated damages, attorneys' fees pursuant to 29 USC §626(b), costs, interest, and such other further relief that this Court deems just, equitable, and reasonable.

## COUNT IV- AGE DISCRIMINATION IN VIOLATION OF FCRA (DISPARATE TREATMENT) AGAINST ARGANO

57. Plaintiff repeats and realleges allegations made in paragraph 1 through 35 of this Complaint.

58. ARGANO replaced Plaintiff with substantially younger employees and/or treated substantially younger employees more favorably, including:

a. Hiring Alexander Bartnesky (mid-40s) as Client Executive Director 2-3 weeks before Plaintiff's termination;

b. Hiring Ryan Alexander (mid-30s) as Client Executive 2 weeks after Plaintiff's termination;

c. Promoting Ben Chumra (age 32) to Client Executive Director 2-3 weeks after

Plaintiff's termination; and

d. Redirecting Plaintiff's pending Tempur Sealy deal to Ben Chumra.

59. ARGANO'S stated reason for Plaintiff's termination - a reduction in force - was pretextual, as evidenced by their hiring and promotion of substantially younger employees in similar positions immediately before and after Plaintiff's termination.

60. As a direct and proximate result of the above-described actions of ARGANO, KILCOMMONS has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

61. Furthermore, as a direct and proximate result of such actions by ARGANO, KILCOMMONS has been, is being, and will be in the future, deprived of income in the form of wages and benefits.

62. ARGANO'S discrimination motivated by KILCOMMONS's age was willful and in an intentional violation of his rights under the FCRA.

WHEREFORE, as to Count IV, Plaintiff, KILCOMMONS, respectfully requests that this Court grant judgment in his favor and against ARGANO, jointly or severally with ITK, and award damages including but not limited to backpay, frontpay, compensatory damages, punitive damages under Fla. Stat. § 760.11, attorneys' fees under Fla. Stat. § 760.11, interest, and such other further relief that this Court deems just, equitable, and reasonable.

**COUNT V**
**AGE DISCRIMINATION IN VIOLATION OF ADEA (DISPARATE IMPACT) AGAINST ITK**

63. KILCOMMONS repeats and incorporates paragraphs 1 through 35, as though fully stated herein.

64. ITK implemented a facially neutral practice of selecting employees for termination based on revenue-to-compensation ratios as part of their reduction in force.

65. This facially neutral practice had a disparate impact on employees over the age of 40, as evidenced by:

a. All six positions eliminated were held by employees over age 40;

b. Five out of seven released employees were over age 60; and

c. The statistical disparity between the impact on employees over 40 versus younger employees is significant and demonstrates the discriminatory impact of ITK's selection criteria.

66. Alternative practices with less discriminatory impact were available to ITK to achieve their stated business objectives.

67. ITK's practice of using revenue-to-compensation ratios as selection criteria for termination was not based on reasonable factors other than age.

68. As a direct and proximate result of the above-described actions of ITK, KILCOMMONS has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

69. Furthermore, as a direct and proximate result of such actions by ITK, jointly or severally with ARGANO, KILCOMMONS has been, is being, and will be in the future, deprived of income in the form of wages and benefits.

70. ITK's discrimination motivated by KILCOMMONS's age was willful and in an intentional violation of his rights under the ADEA.

WHEREFORE, as to Count V, Plaintiff, KILCOMMONS, respectfully requests that this Court grant judgment in his favor and against ITK, jointly or severally with ARGANO, and award damages including but not limited to backpay, frontpay, compensatory damages, attorneys' fees pursuant to 29 USC §626(b), liquidated damages, costs, interest, and such other further relief that this Court deems just, equitable, and reasonable.

**COUNT VI**
**AGE DISCRIMINATION IN VIOLATION OF FCRA (DISPARATE IMPACT)**
**AGAINST ITK**

71. KILCOMMONS repeats and realleges allegations made in paragraph 1 through 35 of this Complaint.

72. ITK implemented a facially neutral practice of selecting employees for termination based on revenue-to-compensation ratios as part of their reduction in force.

73. This facially neutral practice had a disparate impact on employees over the age of 40, as evidenced by:

a. All six positions eliminated were held by employees over age 40;


CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

b. Five out of seven released employees were over age 60; and

c. The statistical disparity between the impact on employees over 40 versus younger employees is significant and demonstrates the discriminatory impact of ITK's selection criteria.

74. Alternative practices with less discriminatory impact were available to ITK to achieve their stated business objectives.

75. ITK's practice of using revenue-to-compensation ratios as selection criteria for termination was not based on reasonable factors other than age.

76. As a direct and proximate result of the above-described actions of ITK, KILCOMMONS has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

77. Furthermore, as a direct and proximate result of such actions by ITK, KILCOMMONS has been, is being, and will be in the future, deprived of income in the form of wages and benefits.

WHEREFORE, as to Count VI, Plaintiff, KILCOMMONS, respectfully requests that this Court grant judgment in his favor and against ITK, jointly or severally with ARGANO, and award damages including but not limited to backpay, frontpay, compensatory damages, punitive damages, attorneys' fees under Fla. Stat. § 760.11, interest, and such other further relief that this Court deems just, equitable, and reasonable.

**COUNT VII – AGE DISCRIMINATION IN VIOLATION OF ADEA (DISPARATE TREATMENT) AGAINST ITK**

78. KILCOMMONS repeats and realleges allegations made in paragraph 1 through 35 of this Complaint.

79. ITK replaced Plaintiff with substantially younger employees and/or treated substantially younger employees more favorably, including:

a. Hiring Alexander Bartnesky (mid-40s) as Client Executive Director 2-3 weeks before Plaintiff's termination;

b. Hiring Ryan Alexander (mid-30s) as Client Executive 2 weeks after Plaintiff's termination;

c. Promoting Ben Chumra (age 32) to Client Executive Director 2-3 weeks after Plaintiff's termination; and

d. Redirecting Plaintiff's pending Tempur Sealy deal to Ben Chumra.

80. ITK'S stated reason for Plaintiff's termination - a reduction in force - was pretextual, as evidenced by their hiring and promotion of substantially younger employees in similar positions immediately before and after Plaintiff's termination.

81. As a direct and proximate result of the above-described actions of ITK, KILCOMMONS has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

82. Furthermore, as a direct and proximate result of such actions by ITK, KILCOMMONS has been, is being, and will be in the future, deprived of income in the

form of wages and benefits.

83. A ITK 's discrimination motivated by KILCOMMONS's age was willful and in an intentional violation of his rights under the ADEA.

WHEREFORE, as to Count VII, Plaintiff, KILCOMMONS, respectfully requests that this Court grant judgment in his favor and against ITK, jointly or severally with ARGANO, and award damages including but not limited to backpay, frontpay, compensatory damages, liquidated damages, attorneys' fees pursuant to 29 USC §626b, costs, interest, and such other further relief that this Court deems just, equitable, and reasonable.

**COUNT VIII- AGE DISCRIMINATION IN VIOLATION OF FCRA (DISPARATE TREATMENT) AGAINST ITK**

84. Plaintiff repeats and realleges allegations made in paragraph 1 through 35 of this Complaint.

85. ITK replaced Plaintiff with substantially younger employees and/or treated substantially younger employees more favorably, including:

a. Hiring Alexander Bartnesky (mid-40s) as Client Executive Director 2-3 weeks before Plaintiff's termination;

b. Hiring Ryan Alexander (mid-30s) as Client Executive 2 weeks after Plaintiff's termination;

c. Promoting Ben Chumra (age 32) to Client Executive Director 2-3 weeks after Plaintiff's termination; and

d. Redirecting Plaintiff's pending Tempur Sealy deal to Ben Chumra.

86. ITK's stated reason for Plaintiff's termination - a reduction in force - was pretextual, as evidenced by their hiring and promotion of substantially younger employees in similar positions immediately before and after Plaintiff's termination.

87. As a direct and proximate result of the above-described actions of ITK, KILCOMMONS has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

88. Furthermore, as a direct and proximate result of such actions by ITK, KILCOMMONS has been, is being, and will be in the future, deprived of income in the form of wages and benefits.

89. ITK'S discrimination motivated by KILCOMMONS's age was willful and in an intentional violation of his rights under the FCRA.

WHEREFORE, as to Count VIII, Plaintiff, KILCOMMONS, respectfully requests that this Court grant judgment in his favor and against ITK, jointly or severally with ARGANO, and award damages including but not limited to backpay, frontpay, compensatory damages, punitive damages under Fla. Stat. § 760.11, attorneys' fees under Fla. Stat. § 760.11, interest, and such other further relief that this Court deems just, equitable, and reasonable.

## JURY TRIAL DEMAND

Plaintiff, PETE KILCOMMONS, demands a trial by jury on all issues so triable.

Dated: April 14, 2025

Respectfully submitted,

By: */s/ Gina Cadogan*

GINA MARIE CADOGAN
Fla Bar No: 177350
LAURIE M. WEINSTEIN
Fla Bar No. 86272
CADOGAN LAW
1200 S. Pine Island Road, Ste. 370
Plantation, FL 33324
Telephone: 954.606.5891
Facsimile: 877.464.7316
Email: gina@cadoganlaw.com
Email: laurie@cadoganlaw.com
Email: tyler@cadoganlaw.com